## Law Offices of Daniel J Winter

3330 Old Glenview Road
Suite 16
Wilmette, IL  60091
312-427-1613
Fax: 312-489-2277
djw@DWinterLaw.com

**Attorneys**
Daniel J Winter
Rebecca M. Engelmann

*The Law Offices of Daniel J. Winter is a Federally-Defined Debt Relief Agency.*
*We help people file for Bankruptcy Relief*

Craig Radcliffe

05/21/2024

OFFICE_____Virtual_____

**Bankruptcy Retainer Agreement (2022)**

Thank you for retaining the Law Offices of Daniel J. Winter (the "Attorney") for your bankruptcy case. **The process of filing for Bankruptcy is divided into two sections.  You (the "Client") must pay the Retainer in Section I in full and provide the required documentation before we can evaluate your case to determine the appropriate type of case to be filed, and make all of the payments required under Section II in order to file a case under Chapter 7 of the Code.**  Upon completion of Section I, the Attorney and Client may proceed to file either a Chapter 7 or Chapter 13 case. Note that the words Attorney and Client referred to in this agreement, even though in the singular format, they may also be used to refer in the plural to more than one attorney and more than one client.  **Retaining the Attorney in Section I does not obligate the Attorney or the Client to file a Bankruptcy case, unless, after all documentation is reviewed by the attorney, the Client decides to file a Bankruptcy case.**

### Advance Payment Retainer Agreement
### Section I - Evaluation.

Section I of the process is the initial consultation where the Attorney reviews the Client's general information including monthly income, expenses, assets and liabilities.  The Client's specific legal goals are discussed.  The Attorney performs a preliminary test to determine whether the client would pass the **required means test** under the Chapter 7 provisions of the Bankruptcy Code, and to evaluate the documentation supplied by the client.  The Attorney provides and explains specific **required written disclosures**. The Attorney and Client consult to determine the availability and consequences of each chapter of the Bankruptcy Code as well as possible non-bankruptcy options as applicable.  All of the terms of Section I apply should the client decide to file a bankruptcy case under Section II.

**A.**  Upon agreement to proceed with the case, the attorney will provide the client with a **checklist of required documentation**. The Client agrees to pay the Initial Retainer Agreement Fee and provide all documentation required under the Bankruptcy Code.  This retainer includes the Attorney's assistance in obtaining verification of the Debtor's assets and liabilities: a credit report, initial property search,  transcripts of past 4 year federal tax filings, if needed, and **assistance in obtaining the initial Pre-Filing Credit Counseling** to obtain the Certificate of Completion as required under the Bankruptcy Code.  It is the client's responsibility in both Chapter 7 and Chapter 13 cases  to reimburse the attorney for any Costs as listed below.

**B.**  Costs to be reimbursed include but are not limited to:  **TWO Credit counseling courses:**  1. For the Pre-filing counseling, and 2. For the Post-Filing Financial Management course (Combined estimated cost of both courses= $50.00) Court Filing fees (both initial and for amended schedules) (Currently, the Chapter 7 Bankruptcy Filing fee is $338.00 and the Chapter 13 Filing fee is $313.00, and both are subject to change by Court Order) photocopying, mailing, credit report costs (estimated at $37.00 for single filing, $72.00 for 2 filers), tax transcript services, fees for asset check services, and appraisal fees. Costs of credit report included in legal fees for Chapter 7 cases only.  **By signing this agreement, the client is consenting to allow the attorney(s) and the staff conduct asset checks and obtain credit reports of the Client and his/her spouse if necessary.**  Client's fee for Section I  is as follows:

$_____2188.00_____ **Initial Advance payment Retainer.** ("Initial retainer or advance payment") **TO BE CREDITED  TO: TOTAL FEES AND COSTS FOR CASE  $_____n/a_____ IF CHAPTER 13 (SECTION A BELOW)  AND $ _ 2188.00 IF CHAPTER 7 (SECTION B BELOW).**

**Client initials for understanding page 1:**  x_____  *CR*  _____ x_____
ANY PAYMENTS MADE UNDER THIS AGREEMENT (BOTH INITIAL RETAINER AND SUBSEQUENT PAYMENTS) ARE TO BE ADVANCE PAYMENTS, TO BE TAKEN INTO INCOME BY THE ATTORNEY IMMEDIATELY, SO THAT THE CLIENT MAY PROTECT HIS/HER ASSETS FROM CREDITORS.  THE FUNDS WILL **NOT** BE HELD IN A

TRUST ACCOUNT FOR CLIENT. IF FUNDS ARE PAID INTO TRUST ACCOUNT ELECTRONICALLY, THEY MAY BE TRANSFERRED IMMEDIATELY TO ATTORNEY'S GENERAL ACCOUNT AT ANY TIME.

*TIMING AND COMMUNICATION:*

A. THE TARGET DATE FOR FILING THE CASE IS **5/30/24**. CLIENT AGREES THAT IF THE LEGAL FEES AND COSTS ARE NOT PAID IN FULL BY THEN, OR IF DOCUMENTS ARE NOT PROVIDED TO THE ATTORNEYS BY THEN, THAT AN ADDITIONAL FEE OF $200.00 IS ADDED TO THE LEGAL FEES FOR EACH MONTH AFTER THAT DATE, STARTING ON THAT DATE AND DUE IMEDIATELY. IF THE CLIENT DOES NOT CONTACT THE ATTORNEY PROMPTLY, THEN THE ATTORNEY MAY CLOSE THE FILE AND RETAIN ANY LEGAL FEES BASED ON THE TIME SPENT ON THE CLIENT'S CASE.

B. CLIENT AGREES TO PROMPLTY RESPOND TO ATTORNEYS' COMMUNICATIONS BY EMAIL, PHONE OR TEXT, AND TO CONTACT THE ATTORNEYS AT LEAST ONCE A MONTH TO REVIEW THE STATUS OF THEIR CASE. IF THE CLIENT DOES NOT CONTACT THE ATTORNEY REGULARLY, THAT IS ALSO GROUNDS FOR THE ATTORNEY TO CLOSE THE CLIENT'S FILE.

C. CLIENT UNDERSTANDS THAT IT IS HIS RESPONSIBILITY TO GET ALL INFORMATION AND FUNDS TO ATTORNEY AS SOON AS POSSIBLE AND AGREES THAT THE RETAINER AND/OR TOTAL ATTORNEYS' FEES COULD INCREASE OR THE CLIENT'S ELIGIBILITY TO FILE A BANKRUPTCY CASE COULD CHANGE, OR THE CLIENT MAY LOSE MONEY OR PROPERTY, DUE TO EXTENDED DELAYS BY THE CLIENT IN (1) GETTING INFORMATION TO THE ATTORNEY (2) COOPERATING WITH ATTORNEY IN PREPARING TO FILE THE CASE, OR (3) AFTER THE ATTORNEY COMPLETES THE MEANS TEST. IN THE EVENT OF NON-COOPERATION OR DELAY FOR ANY REASON, HIS FILE COULD BE CLOSED, AND ANY ATTORNEYS' FEES FOR WORK DONE IN THE CASE WILL BE RETAINED, BASED ON THE TIME SPENT BY OUR OFFICE.

**Agreed and understood:** _x_____      *CR*         _____x_____ Client initials

**Deposit___$_____2188.00_____ towards retainer**
**Remaining balance due:___$_ ____0_____;**

ALL PAYMENTS MUST BE IN CASH, BANK CHECKS, ELECTRONIC PAYMENT, OR MONEY ORDERS ONLY.

Client agrees to pay $__ every ___starting _____ until the balance of the retainer fees and costs are paid.

Once the initial retainer is paid in full, the Attorney will analyze the Client's financial condition, advise the Client of relief that may be available under Chapter 7, 11, and 13 of the Bankruptcy Code and the eligibility prerequisites for such relief under the Bankruptcy Code. **The attorney will also respond to creditor calls and begin processing the file as soon as payments are started.** If the client defaults in the payment plan above, does not finish the payments, or if the Client fails to contact the attorney and/cooperate in the processing of the case or fails to provide the required documentation, the Attorney may close the Client's file upon written notice to the Client's last known email or mailing address of said default or failure(s), or, if a case is filed, on leave of court. The Client understands that the client is responsible for reasonable attorney's fees and costs incurred in collection of the fees and costs under this agreement in the event of breach of the agreement.

C. If the Client defaults in the payment plan above, does not finish the payments, or if the Client fails to contact the attorney to sign the Bankruptcy petition, the Attorney may retain some or all the fees paid, based on the amount of time expended on the client's behalf, regardless of whether a bankruptcy case or appearance on behalf of the Client was filed or not.

All fees to be paid in all parts of this agreement are based on the Attorneys' prevailing rate: Daniel J. Winter, Rebecca Engelmann, $400.00 per hour. The prevailing attorney's rate could change without further notice. The Client understands that the client is responsible for reasonable attorney's fees and costs incurred in collection of the fees and costs under this agreement in the event of breach of the agreement.

D. The Client agrees to give accurate, full and fair disclosure of financial information concerning average income over the past six months from all sources, monthly living expenses, the type and amount of all debts and full information on all assets and property owned by the Client at all times before, or after the case is filed. It is the Client's responsibility to provide accurate and complete information. **Client also agrees to file all required tax returns and provide copies of all tax returns while the case is pending, if requested by the Trustee.** Failure to file tax returns or to provide complete and accurate information regarding assets, liabilities, income, and expenses may cause your case to be dismissed.

E. **DISCLOSURE:** NOTE TO CLIENT: YOU UNDERSTAND THAT YOU MUST TELL THE ATTORNEY ABOUT EVERYTHING YOU OWN, ANY POTENTIAL LAWSUITS, ANYONE THAT OWES YOU MONEY, OR ANYONE OR ANY COMPANY YOU OWE MONEY TO. ALSO, YOU NEED TO LET THE ATTORNEY KNOW IF YOU MIGHT BE SUED FOR ANY REASON INCLUDING FOR OLD BUSINESSES OR FORECLOSURE CASES.  YOU ALSO UNDERSTAND THAT YOU NEED TO LET YOUR ATTORNEY KNOW ABOUT ANY CLAIMS THAT YOU MIGHT HAVE AS A RESULT OF ACCIDENTS FOR INJURIES OR MONEY DAMAGES AGAINST ANY PERSON OR COMPANY AT ANY TIME EITHER *BEFORE, DURING OR AFTER YOUR BANKRUPTCY CASE IS FILED*

Client initials for understanding   X_____ *CR*           X_____

ALSO, IF A BANKRUPTCY CASE IS FILED, AND THE CLIENT DOES NOT COMPLETE THE SECOND REQUIRED COUNSELING COURSE, THE CLIENT IS RESPONSIBLE FOR PAYING ANY REOPENING COSTS PLUS ADDITIONAL LEGAL FEES REQUIRED TO ATTEMPT TO REOPEN THE CASE TO OBTAIN A DISCHARGE.

G. **MEANS TEST:** CLIENT AGREES THAT IF DESIRED, ATTORNEY CAN COMPLETE NEW MEANS TEST CALCULATIONS AFTER WAITING ADDITIONAL TIME, AND PROVIDING ADDITIONAL INCOME INFORMATION. CLIENT AGREES TO PAY ADDITIONAL FEES TOWARD CHAPTER 7 OR CHAPTER 13 RETAINER, AND THAT FEES MAY INCREASE FOR THE CASE

BASED ON THE AMOUNT OF ADDITIONAL TIME AND WORK NECESSARY.  ADDITIONAL FEES ARE ESTIMATED TO BE  $  n/a         PER ADDITIONAL MONTH, TO BE CREDITED TOWARDS THE TOTAL FEES AND COSTS FOR THE CASE.

H. The client understands that any delay in providing the required information and retainer could result in loss of money and/or property. The attorney is not responsible for checking deadlines such as foreclosure sale dates. It is the client's responsibility to monitor the deadlines to prevent loss of assets. Client also understands that he/she must advise the Attorney of any court papers received regarding any litigation immediately to allow the Attorney to advise the client regarding the best course of action.

I. Note that if you, the client, delay in providing the required documents and initial retainer, and the attorney is required to file the case within 7 days, then the attorney can require an additional down payment and/or total fees. Note also that if you do not provide the required documents or retainer, you could lose your money or property.

ALL CLIENTS IN FORECLOSURE HAVE BEEN ADVISED AND UNDERSTAND THAT THEY MUST GET THE INFORMATION AND RETAINER TO THE ATTORNEY AND FILE A BANKRUPTCY CASE WELL *BEFORE* THE FORECLOSURE SALE DATE TO PREVENT LOSS OF THEIR HOME OR OTHER REAL PROPERTY. THE CLIENTS WILL KEEP TRACK OF THAT DATE AND ADVISE THE ATTORNEY AS THE DATE APPROACHES.

Client(s) must advise the attorneys in writing of any court papers received or upcoming court or foreclosure sale dates.

J. It is the Client's responsibility to pay the entire balance due and provide all documentation as soon as possible to stop any collection proceedings that may have been filed, or are filed after the Attorney is retained, against the client; further, it is solely the Client's responsibility to defend these collection proceedings. The Attorney will not represent the Client in defense of any collection proceedings, whether in Court or otherwise.

K. Upon successful completion of the terms of the Initial Retainer Agreement, the attorney and client may agree to continue to Section II for the preparation and filing of the client's petition for relief under the Bankruptcy Code. This second agreement shall be substantially according to the following terms and conditions listed in Section II to this agreement, but could vary if the information provided is different than discussed at the initial consultation.

L. **DOCUMENT DESTRUCTION:**  THE ATTORNEY RESERVES THE RIGHT TO SAFELY DESTROY ANY OF THE CLIENT'S PERSONAL DOCUMENTS (PAPER OR ELECTRONIC) 5 YEARS AFTER THE CASE IS CLOSED, OR IF THE CLIENT DOES NOT CONTACT THE ATTORNEY FOR 5 YEARS IF NO CASE HAS BEEN FILED. IT IS THE CLIENT'S RESPONSIBILITY TO CONTACT THE ATTORNEY PROMPTLY TO RETRIEVE SUCH DOCUMENTS, AND PAY ANY MAILING OR DELIVERY COSTS IF REQUESTED.

**SECTION I: AGREED:**
X_____          _____X_____
                CLIENT                                    CLIENT

## Section II
### (A) Chapter 13 Case, if applicable: DOES NOT APPLY

**(1)** In the event the Client elects to file under Chapter 13 of the Bankruptcy Code, a separate Model Retention Agreement as required by the Court may be signed.  The Model Retention Agreement supercedes (replaces) this agreement when signed.  Chapter 13 fees would total **$____4500.00_____**
(The "Total Fee") **plus Costs of $_313.00_____ for filing fee and $__37.00_____ for credit report, and __25.00_____ for Credit Counseling (as listed in Section I)**, through the **conclusion** of the Case, subject to Court approval and notice to the Client.
(2) The initial advance payment retainer of $_____from Part I is to be credited **(if paid)** against the Total Fees and Costs.
____**(3) NON-MODEL AGREEMENT ONLY IF CHECKED**: In the event that you and the attorney agree, this retainer may act as an agreement to provide Chapter 13 services for the estimated fees of $_____ plus costs of $_____, based on the attorneys' hourly rate of $400.00 per hour, and paid as follows:_$_____prior to filing.
**AGREED**:                           X

### B) Chapter 7 Case
**ALL FEES AND COSTS MUST BE PAID IN FULL AS AN ADVANCE PAYMENT RETAINER PRIOR TO FILING OF THE CASE**

**(1)** Attorney agrees to provide legal services to client for all aspects of the bankruptcy case customarily rendered by an attorney at law representing the debtor in a case filed under the Bankruptcy Code, including all required analysis of the Client's financial condition, advice and assistance to Client in the preparation and filing of any petition, schedules, statement of financial affairs, assistance in locating and completing the required pre-discharge Debt Management Course, representation of client at meeting of creditors, routine uncontested motions to avoid lien(s) on household goods if applicable, and negotiation of and advice regarding reaffirmation agreements.  The fee for these services shall be as follows:

a. The Attorney Fees and costs shall be paid as follows:  Total fees and costs due: $___2188.00_____, including filing fee of $338.00 and $50.00 to cover 2 credit counseling courses.  Less *advance-payment retainer under Section I to be credited* **(only if paid in section I)** of $___2188.00_____=Remaining balance due: $___**0**_____ **ALL PAYMENTS MUST BE IN CASH, BANK CHECKS, OR MONEY ORDERS ONLY OR ELECTRONIC PAYMENT**

b. ANY PAYMENTS MADE UNDER THIS AGREEMENT (BOTH INITIAL RETAINER AND SUBSEQUENT PAYMENTS) ARE TO BE ADVANCE PAYMENTS, TO BE TAKEN INTO INCOME BY THE ATTORNEY IMMEDIATELY, SO THAT THE CLIENT MAY PROTECT HIS/HER ASSETS FROM CREDITORS.  THE FUNDS WILL **NOT** BE HELD IN A TRUST ACCOUNT FOR CLIENT.

Note that the final $338.00 is for the Filing fee; any funds paid prior to that are for legal fees to be prepaid.  The Client will then contact the Attorney to set up an appointment to review and sign documents for filing.  **Only upon receipt of the full amount of the legal fee plus Costs, and Client review and signature of the documents, will the Attorney be able to file the Client's bankruptcy petition and schedules.**

**(2)** The Client understands that the Attorney cannot file the bankruptcy case until the entire amount of the fee plus any Costs is paid in full; therefore, the Attorney is not responsible for any property which is seized, garnished, or attached, or set-off by any creditor before the filing of the bankruptcy case.  The attorney is not responsible for any liens which attach to property after signing this retainer but before the case is filed.  It is the Client's responsibility to pay the entire balance due as soon as possible to stop any collection proceedings that may have been filed, or are filed after the Attorney is retained, against the client; further, it is solely the Client's responsibility to defend these collection proceedings.  The Attorney will not represent the Client in defense of any collection proceedings, whether in Court or otherwise.

Client initials for understanding:        X_ X_____            _____ X_____

**(3)** The Attorneys' fees do not include contested bankruptcy matters of any kind.  THIS MEANS THAT IF YOUR CASE IS CHALLENGED IN ANY WAY, YOU WOULD HAVE TO SIGN AN NEW AGREEMENT FOR ADDITIONAL LEGAL FEES.  The fees also do not include representation if the Trustee is administering assets in your case, and you would be responsible to pay for any additional work involved, either by way of the attorney filing a claim or direct payment.  Any such matters would be charged at the attorney's prevailing rate:  Daniel J. Winter, Rebecca Engelmann, $400.00 per hour.  The prevailing attorney's rate could change without further notice.  If no separate agreement is signed for representation in the contested matter, the Attorney will not represent the client in that proceeding, and the Client will need to either proceed on his/her own or retain additional counsel.  The fees also do not include an additional $150.00 required to be paid for any amendments to the bankruptcy schedules to add creditors after the filing of the case.

**(4)** The Client understands that all liens survive any bankruptcy filing and that the attorney is not responsible for searching for liens on any real

property, nor is he responsible for any liens which may attach to property after this retainer is signed, but before the case is filed.

**(5)** Client agrees that if the Attorney is not able to attend any hearing or Court matter that he may retain additional counsel to represent the client. Such attorneys, if necessary, will be paid from the Law Offices of Daniel J Winter, and shall not be paid directly by the Client. Client agrees that the time expended by such firms may be charged at the same rate as for Daniel J. Winter or any attorney at the Law Offices of Daniel J. Winter.

**(6)** Client understands that the case may be subject to a random audit by the Trustee as required by the Bankruptcy Code.**Client understands that he(she) must inform the Attorney of any change of address for the next 5 years.** If such an audit is conducted, the Attorney will inform the Client. Client agrees that the Attorney may release all documentation as required under the Bankruptcy Code if such request is made.

AGREED:            X_____  *CR*  _____

DATE____05 / 21 / 2024            _____
(And understand page 5)            CLIENT
                    X_____            DATE_____
                        CLIENT


**LAW OFFICES OF DANIEL J WINTER**

**By:** :_____/s/ Daniel J. Winter_____

**Dropbox Sign**                                                                                                  Audit trail

| | |
|---|---|
| Title | Hello |
| File name | Bankruptcy_Retain...0521-1-qstdjp.pdf |
| Document ID | e2464f151b22fdf29fa3dad64a957575361f00ff |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

**This document was requested on bankruptcylawchicago.cliogrow.com and signed on bankruptcylawchicago.cliogrow.com**

## Document History

**SENT**    **05 / 21 / 2024**    Sent for signature to Craig Radcliffe
            14:55:24 UTC          (cradcliffe34@yahoo.com) from djw@dwinterlaw.com
                                  IP: 75.26.234.32

**VIEWED**  **05 / 21 / 2024**    Viewed by Craig Radcliffe (cradcliffe34@yahoo.com)
            15:31:34 UTC          IP: 12.74.213.31

**SIGNED**  **05 / 21 / 2024**    Signed by Craig Radcliffe (cradcliffe34@yahoo.com)
            15:33:18 UTC          IP: 12.74.213.31

**COMPLETED**  **05 / 21 / 2024**  The document has been completed.
               15:33:18 UTC

Powered by **Dropbox Sign**